UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE G. CASTRO-URDIALES and LUCIA R. MATALLANA, | No.  2:25-cv-3731 DJC AC PS |
| Plaintiffs, | |
| v. | ORDER and |
| LOANCARE, LLC and LAKEVIEW LOAN SERVICING, LLC, | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Defendants removed this case from San Joaquin County Superior Court on December 24, 2025.  ECF No. 1.  Plaintiffs are proceeding pro se, and pre-trial proceedings are accordingly referred to the undersigned pursuant to Local Rule 302(c)(21).  Defendants filed a motion to dismiss.  ECF No. 4.  Plaintiffs opposed the motion (ECF No. 7) and filed a motion to remand to state court (ECF No. 10).  For the reasons set forth below the undersigned recommends defendants' motion to dismiss be GRANTED but that plaintiffs be given leave to file an amended complaint, and that the motion to remand be DENIED.  Plaintiffs also filed two motions to proceed without paying the filing fee.  ECF Nos. 8, 9.  These motions are unnecessary because the removing defendants paid the filing fee, and plaintiffs were not required to do so.  These motions (ECF No. 8 and 9) are accordingly DENIED as MOOT.

////

1

## I.  The Complaint

Plaintiffs jointly own and reside at a single family residence in Lodi, California (the "Subject Property").  ECF No. 1 at 21.  Plaintiffs allege noncompliance with "federal and state law" in connection with a "Loan Modification Agreement Document Package" that was offered to them on September 10, 2025.  Id. at 12.  The proposed terms of the Package suggested a payment above plaintiff's stated affordability, and the offer came while plaintiffs' Qualified Written Request, Notice of Error, and TILA validation request remained unresolved.  Id. at 13.  Plaintiffs seek a "judicially ordered permanent loan restructuring – [i]ncluding a 3% interest rate, and affordable monthly payment not exceeding $2,000 and without any trial /review period – to restore financial stability and home retention."  Id. at 16.  It does not appear that plaintiffs have lost their property or are imminently facing the loss of their property.  The complaint is more than 100 pages long, and plaintiffs allege 15 causes of action, including under the California Constitution, the Code of Civil Procedure, the Real Estate Settlement Procedures Act (RESPA), the Truth in Lending Act (TILA) and the Fair Debt Collection Practices Act (FDCPA).  Id. at 37-118.

## II.  Motion to Remand

This case was removed from state court to federal court on December 24, 2025.  ECF No. 1.  Plaintiffs moved for remand on January 27, 2026.  ECF No. 10.  Plaintiffs argue that this court lacks subject matter jurisdiction because, even though they allege several federal claims, the "gravamen" of the complaint is their request for injunctive and equitable relief under California homeowner protection laws.  ECF No. 10 at 3-4.

A defendant who is sued in state court may remove to the appropriate federal district court any civil action over which the district courts have original jurisdiction.  See 28 U.S.C. § 1441(a).  "Federal courts are courts of limited jurisdiction."  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  In 28 U.S.C. §§ 1331 and 1332(a), "Congress granted federal courts jurisdiction over two general types of cases: cases that 'aris[e] under' federal law, § 1331, and cases in which the amount in controversy exceeds $ 75,000 and there is diversity of citizenship among the parties, § 1332(a).  These jurisdictional grants are known as 'federal-question

2

jurisdiction' and 'diversity jurisdiction, respectively." Home Depot U. S. A., Inc. v. Jackson, 587 U.S. 435, 437 (2019).  Defendants removed this case from state court on the basis that there is both federal question jurisdiction and diversity jurisdiction.  ECF No. 1 at 4-5.

"Under § 1447(c), the district court must remand '[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction[.]' " Smith v. Mylan Inc., 761 F.3d 1042, 1044 (9th Cir. 2014).  "The general rule governing removal of actions from the state court to federal court is that for a district court to have federal question removal jurisdiction, a federal cause of action must appear on the face of the complaint." Felton v. Unisource Corp., 940 F.2d 503, 506 (9th Cir. 1991) (citations omitted).  Here, it is clear on the face of the complaint that this court has subject matter jurisdiction due to the various federal claims made by plaintiffs.  It is not enough for plaintiffs to argue that the "gravamen" of the complaint seeks relief under state law. Plaintiffs seek to recover on several claims against defendants for violation of at least three different federal statutes (TILA, RESPA, and the FDCPA).  Accordingly, it is clear that this court has federal question jurisdiction.

It also appears that there is diversity jurisdiction.  Plaintiffs allege they are citizens of California.  ECF No. 1 at 5, 21.  Though plaintiffs do not clearly allege defendants' citizenship, the corporate defendants identified their principal places of business in the notice of removal as Virginia and Florida, with members residing in Virginia, Maryland, and Pennsylvania.  ECF No. 1 at 5.  Plaintiffs seek damages in excess of $75,000.  Id. at 102.  Accordingly, the undersigned finds that there is subject matter jurisdiction based on both diversity and federal question jurisdiction, and the motion to remand (ECF No. 10) must be DENIED.

### III.  Motion to Dismiss

Defendants move to dismiss for lack of standing and for failure to state a claim in compliance with Fed. R. Civ. P. 8(a) and Fed. R. Civ. P. 12(b)(6).  ECF No. 4.  Plaintiffs oppose the motion.  ECF No. 7.  Defendants submitted a reply.  ECF No. 11.

A.  Legal Standards Governing Motions to Dismiss

"The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint." N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir.

3

1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990). "Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires not only 'fair notice of the nature of the claim, but also grounds on which the claim rests.'" Zixiang Li v. Kerry, 710 F.3d 995, 998 (9th Cir. 2013) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 n.3 (2007)).

Pursuant to Fed. R. Civ. P. 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). While detailed allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability ... 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557).

In order to survive a motion to dismiss, a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. It is insufficient for the pleading to contain a statement of facts that "merely creates a suspicion" that the pleader might have a legally cognizable right of action. Id. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-35 (3d ed. 2004)). In reviewing a complaint on a motion to dismiss the court "must accept as true all of the factual allegations contained in the complaint," construe those allegations in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. See Erickson v. Pardus, 551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011); Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010). However, the court need not accept legal conclusions cast in the form of factual allegations as true, nor must it accept allegations that contradict matters properly subject to judicial notice. See Western Mining Council v. Watt, 643

4

F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187 (2001).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). Pro se complaints are construed liberally and may only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014). The court's liberal interpretation of a pro se complaint, however, may not supply essential elements of the claim that were not pled. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982); see also Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992). A pro se litigant is entitled to be made aware of the deficiencies in the complaint and given an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

B.  Request for Judicial Notice

Defendants ask the court to take judicial notice of several publicly recorded documents. ECF No. 5. A court may take judicial notice of matters of public record pursuant to Federal Rules of Evidence, Rule 201, when deciding a motion to dismiss for failure to state a claim. Skilstaf, Inc. v. CVS Caremark Corp., 669 F.3d 1005, 1016, fn. 9 (9th Cir. 2012). Here, the documents submitted by defendants, including documents related to the Subject Property recorded in the San Joaquin County Recorder's office and a report issued by the California Department of Financial Protection and Innovation from 2024 are judicially noticeable and show the following relevant facts.

On or about July 14, 2018, plaintiffs obtained a loan in the amount of $389,193.00 ("Loan") from Provident Savings Bank, F.S.B., the repayment of which is secured by a Deed of Trust recorded on July 24, 2018, in the San Joaquin County Recorder's Office as Instrument No. 2018-081698 ("2018 Deed of Trust") which encumbers the Subject Property. ECF No. 5 at Exh. 1. The Deed of Trust was assigned to Plaza Home Mortgage Inc. pursuant to the Corporate Assignment of Deed of Trust recorded on April 5, 2019, in the San Joaquin County Recorder's Office as Instrument No. 2019-033846 ("2019 Assignment of Deed of Trust"). Id. at Exh. 2.

A Modification of Deed of Trust in connection with the 2018 Deed of Trust was recorded on October 10, 2023, in the San Joaquin County Recorder's Office as Instrument No. 2023-080761 ("2023 Modification). Id. at Exh. 3. A Loan Modification Agreement in connection with the 2018 Deed of Trust was recorded on May 3, 2024, in the San Joaquin County Recorder's Office as Instrument No. 2024-036960 ("2024 Modification"). Id. at Exh. 4. The Deed of Trust was assigned to Lakeview Loan Servicing, LLC as indicated in the Corporate Assignment of Deed of Trust recorded on February 4, 2025, in the San Joaquin County Recorder's Office as Instrument No. 2025-008546 ("2025 Assignment of Deed of Trust"). Id. at Exh. 5.

C.  The Complaint Fails to Establish that Plaintiffs Have Standing

Standing is a plaintiff's right to bring a particular lawsuit; absent standing, there is no case or controversy under Article III of the Constitution and a federal court cannot hear the case. United States v. Hays, 515 U.S. 737, 742 (1995). To have standing, a plaintiff must plead and prove that they suffered sufficient injury to satisfy the "case or controversy" requirement of Article III of the United States Constitution. See Valley Forge Christian College v. Americans United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982); Clapper v. Amnesty Int'l USA, 568 U.S. 398, 409 (2013).

The case or controversy requirement ensures that federal courts do not decide questions that cannot affect the rights of litigants in the case before them or give opinions advising what the law would be upon a hypothetical state of facts. Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). Accordingly, the standing doctrine "requires federal courts to satisfy themselves that the plaintiff has alleged such a personal stake in the outcome of the controversy as to warrant his invocation of federal-court jurisdiction," so that "there is a real need to exercise the power of judicial review in order to protect the interests of the complaining party." Summers v. Earth Island Inst., 555 U.S. 488, 493 (2009) (internal quotation marks and citations omitted).

For standing to exist, plaintiffs must show (1) injury-in-fact that is concrete and particularized, as well as actual or imminent; (2) that the injury is fairly traceable to the challenged action of the defendant; and (3) that the injury is redressable by a favorable ruling. Monsanto Co. v. Geertson Seed Farms, 561 U.S. 139, 149 (2010) (citation omitted); Lujan v.

6

Defenders of Wildlife, 504 U.S. 555, 560–61 (1992).  While threatened future harm can in some instances confer standing, the injury must be "certainly impending" to constitute injury-in-fact; allegations of possible future injury are not sufficient.  Whitmore v. Arkansas, 495 U.S. 149, 158 (1990); see also Clapper, 568 U.S. at 409 ("[A]n injury must be concrete, particularized, and actual or imminent.") (citation and internal quotation marks omitted).  Accordingly, speculative injury is insufficient.  Lujan, 504 U.S. at 565 n.2, ("Although imminence is concededly a somewhat elastic concept, it cannot be stretched beyond its purpose, which is to ensure that the alleged injury is not too speculative for Article III purposes—that the injury is certainly impending.") (internal quotation marks omitted).

Here, Plaintiffs fail to allege any facts which show that they have suffered actual injury. The complaint pertains to an alleged offer of a loan modification which plaintiffs claim they cannot afford, and thus, plaintiffs allege a *potential* loss of equity in the Subject Property.  There are no allegations that plaintiffs accepted and entered into this new loan modification, or that plaintiffs lost equity because of same.  It does not appear that plaintiffs have lost their property or are imminently facing the loss of their property.  Instead, plaintiffs ask the court to proactively engage in the loan restructuring process.  ECF No. 1 at 16.  Because plaintiffs' alleged injuries are speculative, plaintiffs lack standing to sue under Article III, and the motion to dismiss should be granted.

D.  The Complaint Does Not Comply with Fed. R. Civ. P. 8(a) or 12(b)(6)

The court agrees with defendant that this case must be dismissed because it fails to state any plausible legal claim.  The 113-page complaint is difficult to decipher.  ECF No. 1 at 11-124. It largely contains legal conclusions and repetitively recites elements of various claims.  The complaint does not clearly connect factual allegations to violations of law, or violations of law to actual injuries suffered.  Plaintiffs assert generally that they submitted a loan modification package with specific demands, and that defendants' conduct violated numerous laws, but the allegations are both overly verbose and disjointed.  See id. at 10-21.  It is abundantly clear that the complaint must be dismissed with leave to amend for failure to comply with Fed. R. Civ. P. 8(a). Plaintiffs' failure to comply with Rule 8 makes it practically impossible for the court to conduct

7

meaningful claim-by-claim analysis under Rule 12(b)(6).  Accordingly, in the interest of judicial economy, the court declines to parse through the voluminous complaint to identify individual deficiencies with each of plaintiffs' many putative claims.  Because the vague and conclusory allegations of the First Amended Complaint are inadequate to support any cause of action against the defendants, the complaint should be dismissed.

### III.    Leave to Amend

Because plaintiffs' complaint is so difficult to decipher, the undersigned cannot conclude with certainty that plaintiffs cannot state a claim on amendment, and accordingly, plaintiffs should be granted an opportunity to file an amended complaint that establishes standing and clearly alleges facts to support their legal claims.

The amended complaint must allege facts establishing the standing by alleging an actual or imminent injury that is fairly traceable to the challenged actions of the defendant, that can be redressed by winning this lawsuit.  In addition, the amended complaint must contain a short and plain statement of plaintiffs' claims.  The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint.  Each paragraph should be limited "to a single set of circumstances" where possible.  Rule 10(b).  As noted above, forms are available to help plaintiffs organize their complaint in the proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4 200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

Plaintiff must avoid excessive repetition of the same allegations.  Plaintiff must avoid narrative and storytelling.  That is, the complaint should not include every detail of what happened, nor recount the details of conversations (unless necessary to establish the claim), nor give a running account of plaintiff's hopes and thoughts.  Rather, the amended complaint should contain only those facts needed to show how the defendant legally wronged the plaintiff.  Importantly, it is not enough to state that the defendants violated the law and state the elements of the alleged legal violation.  Plaintiffs must allege facts to show how defendants allegedly violated the law.

The amended complaint must not force the court and the defendants to guess at what is being alleged against whom.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants").  The amended complaint must not require the court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit."  Id. at 1180.  The amended complaint must not require the court and defendants to prepare lengthy outlines "to determine who is being sued for what."  Id. at 1179.

Also, the amended complaint must not refer to a prior pleading to make plaintiff's amended complaint complete.  An amended complaint must be complete without reference to any prior pleading.  Local Rule 220.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Pacific Bell Tel. Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556 57 (2d ed. 1990)).  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### IV.    Pro Se Plaintiff's Summary

Your motions to proceed without paying the filing fee are being denied as unnecessary because you were not required to pay a filing fee in this case.

The Magistrate Judge is recommending that your current complaint be dismissed because you do not allege any injury that you have actually suffered as a result of defendants' conduct.  To maintain a lawsuit, you need to allege that defendants have violated your legal rights and that *because* they violated the law, you have suffered some actual harm.  It is not enough to say that you may suffer harm in the future.  Also, your complaint is so long and filled with language about the elements of different legal claims that it does not meet the standards of Federal Rules of Civil Procedure 8(a), which requires a "short and plain statement" of your claims.  It is recommended that your complaint be dismissed, but that you be given a chance to file an amended complaint that fixes the problems that the court and defendants have identified.  Please wait until the district

judge has ruled on these Findings and Recommendations before you file an amended complaint.

It is also being recommended that your motion to remand be denied, because you are bringing many federal claims.  That makes removal to this court proper.  It also seems that the court has diversity jurisdiction.

If you disagree with these recommendations you may file objections within 21 days.  The District Judge will make the final decision.

### V. Order and Findings and Recommendation

First, it is ORDERED that plaintiff's motions to proceed with IFP status (ECF Nos. 8 and 9) are DENIED as MOOT.

Second, the undersigned RECOMMENDS that:

(1) Plaintiffs' motion to remand (ECF No. 10) be DENIED, and

(2) Defendants' motion to dismiss (ECF No. 4) be GRANTED, but that plaintiffs be allowed to file a First Amended Complaint within 30 days of the final order being entered on the motion to dismiss.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: March 24, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE